# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0774V

| | |
|---|---|
| MARY M. WYCKOFF,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 20, 2025 |

*John Leonard Shipley*, Davis, CA, for Petitioner.

*Austin Joel Egan*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On July 18, 2022, Mary M. Wyckoff filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from a tetanus diphtheria acellular pertussis ("Tdap") vaccine received in her right shoulder on August 4, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 16, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On May 20, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $1,068,204.46. Proffer at 2-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $1,068,204.46 (comprised of $95,000.00 in pain and suffering, $8,276.44 in past unreimbursable expenses, and $964,928.02 in past and future lost wages, with future lost wages having been reduced to net present value), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARY M. WYCKOFF,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 22-774V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER OF DAMAGES**

On July 18, 2022, Mary M. Wyckoff ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered from a right shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine she received on August 4, 2021. Petition at 1. On October 11, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a Table SIRVA injury, and on October 16, 2023, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF Nos. 26, 29.

**I.   Items of Compensation**

    A.   Pain and Suffering

Respondent proffers that petitioner should be awarded $95,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $8,276.44.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

C. <u>Lost Wages</u>

Evidence supplied by petitioner documents that she incurred past and future lost wages related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past and future lost wages in the amount of $964,928.02.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a), and amounts for future lost wages have been reduced to net present value in accordance with 42 U.S.C. § 300aa-15(f)(4)(A).  Petitioner agrees.

**II.   Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $1,068,204.46, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future unreimbursed expenses, future lost earnings, and future pain and suffering.

2

**III.**     **<u>Summary of Recommended Payments Following Judgment</u>**

Lump sum payable to petitioner, Mary M. Wyckoff:     **$1,068,204.46**

                                       Respectfully submitted,

                                       YAAKOV M. ROTH
                                       Acting Assistant Attorney General

                                       C. SALVATORE D'ALESSIO
                                       Director
                                       Torts Branch, Civil Division

                                       HEATHER L. PEARLMAN
                                       Deputy Director
                                       Torts Branch, Civil Division

                                       ALEXIS B. BABCOCK
                                       Assistant Director
                                       Torts Branch, Civil Division

                                       <u>/s/ AUSTIN J. EGAN</u>
                                       Austin J. Egan
                                       Trial Attorney
                                       Torts Branch, Civil Division
                                       U.S. Department of Justice
                                       P.O. Box 146, Ben Franklin Station
                                       Washington, DC 20044-0146
                                       Tel: (202) 451-7479
                                       Austin.J.Egan@usdoj.gov

Date:  May 20, 2025