# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 22-0774V

|  |  |
|---|---|
| MARY M. WYCKOFF,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 22, 2025 |

*John Leonard Shipley*, Davis, CA, for Petitioner.

*Austin Joel Egan*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 18, 2022, Mary M. Wyckoff filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from a tetanus diphtheria acellular pertussis vaccine received in her right shoulder on August 4, 2021. Petition, ECF No. 1. On May 20, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 60.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $76,297.20 (representing $68,143.80 in fees plus $8,153.40[3] in costs). Application for Attorneys' Fees and Costs ("Motion") filed July 2, 2025, ECF No. 65. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 65-3. Respondent did not file a response to Petitioner's Motion thereafter.

I have reviewed the billing records submitted with Petitioner's request. Petitioner requests that I apply the hourly rates for work performed by attorney John Shipley: $475.00 for 2024 and $511.00 for 2025. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. I also find the paralegal rates requested herein reasonable and shall be awarded. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 65-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $76,297.20 (representing $68,143.80 in fees plus $8,153.40 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

[3] It appears that there's a scrivener's error on page 1 of Petitioner's Motion regarding the total amount of attorney's costs requested herein. Petitioner requested $8,161.40 in costs, see ECF No. 65 at 1. However, a review of the billing records and supporting invoices reflect the *lesser* amount of $8,153.40 in litigation costs was actually incurred in this case. Accordingly, the amount to be awarded herein will be based on the amount reflected in the attorney's billing invoices submitted in support thereto.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.